**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARA M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:19-cv-05493-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

In December 2014, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2011.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff's applications were denied initially and upon reconsideration. (Administrative Record ["AR"] 101-118, 129-140, 229-238.) A hearing took place on June 18, 2018 before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 36-50.)

In a decision dated August 1, 2018, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus type II with diabetic neuropathy; degenerative disc disease and degenerative joint disease of the lumbar and cervical spine; lumbar radiculopathy; obesity; bilateral hip bursitis; mild arthritis of the right knee, with meniscal tears; migraines; and anxiety disorder. (AR 19.) After finding that Plaintiff's impairments did not meet or equal any listed impairment (AR 20-22), the ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform a range of sedentary work as follows: Plaintiff can sit for up to six hours in an eight-hour workday, with normal breaks; stand and/or walk for up to four hours in an eight-hour workday, for no more than one hour at a time; occasionally climb stairs and ramps, but never climb ladders or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; should avoid exposure to unprotected heights, heavy vibrations, and workplace hazards; should not operate a motor vehicle commercially; should avoid exposure to extreme temperatures; would be best suited for an occupation performing routine, repetitive tasks, with no more than three-step instructions; and is suited for work without high production quotas, and not in a fast-paced work environment. (AR 23.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was unable to perform her past relevant work, but was able to perform other work existing in significant numbers in the national economy. (AR 26-28.) Accordingly, the ALJ found Plaintiff not disabled. (AR 28.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 3-8), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ erred in her assessment of Plaintiff's subjective complaints.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the threshold for substantial evidence is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1149, 1154 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**1. Plaintiff's Subjective Complaints**

Plaintiff testified that she is unable to work primarily due to injuries she sustained in a car accident in 2014. She is in constant pain, even with medication. In addition, she testified that she had developed arthritis in her hand and fibromyalgia. Plaintiff is unable to stand or sit for "too long." (AR 42-43.)

In her function report, Plaintiff stated that she can stand or sit for only five minutes and can walk only a few feet before needing to rest for at least ten minutes. She walks with a cane for balance and to help with pain. Plaintiff indicated that she suffers from nerve pain in her legs and feet, and numbness in her legs and arms on a

daily basis. Her hands become numb and are difficult to use. Plaintiff also suffers from depression, anxiety, and post-traumatic stress from her car accident. She has difficulty with concentration, focus, and memory. The medication she takes prevents her from driving and concentrating, and "puts her to sleep most [of the] time." (AR 271-272, 285, 288, 290-294, 313-316.)

### 2. Relevant Law

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider include conflicts between the claimant's testimony and the claimant's conduct – such as daily activities, work record, or an unexplained failure to pursue or follow treatment – as well as ordinary techniques of credibility evaluation, such as internal contradictions in the claimant's statements and testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). In addition,

although an ALJ may not disregard a claimant's testimony solely because it is not substantiated by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in making a credibility assessment. *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005).

### 3. Analysis

In discounting Plaintiff's allegations and testimony concerning her symptoms, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 25.) The Ninth Circuit has observed that a version of this boilerplate statement is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Here, the ALJ provided the following explanation for her credibility determination:

> As for [Plaintiff]'s statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the medical evidence of record because there is no objective evidence of swelling in her hands, no objective evidence of fibromyalgia, and no evidence of arthritis in her hands.

(AR 25.) Other than the foregoing sentence, the ALJ's decision sheds little light upon her credibility assessment. In the course of her Step Two analysis, the ALJ acknowledged that the consultative examining physician diagnosed Plaintiff with fibromyalgia, but concluded that there was insufficient evidence supporting it because there was "no discussion as to why that diagnosis was made." (AR 20.) Also in the Step Two analysis, the ALJ observed that there was no documentation showing that Plaintiff complained of hand swelling to her medical providers nor any findings of hand swelling. (AR 20.) Last, in discussing the medical evidence, the ALJ noted

Plaintiff's complaint of daily migraine headaches, but found that there was "no objective evidence of the frequency or severity of these headaches." (AR 24.)

Plaintiff challenges certain of the ALJ's conclusions regarding the medical evidence – for example, Plaintiff points out that she was diagnosed with fibromyalgia on multiple occasions. (ECF No. 18 at 6-7, citing AR 1140, 1325, 1511.) It is not necessary to resolve Plaintiff's objections because, even assuming the ALJ accurately summarized the record and properly relied upon the lack of objective medical evidence to discount Plaintiff's subjective complaints, it was error for the ALJ to rely solely on lack of evidence to support her determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

The Commissioner attempts to characterize the ALJ's stated reason for making an adverse assessment of Plaintiff's testimony as something more than a lack of objective medical evidence. The Court finds the Commissioner's arguments unpersuasive.

The Commissioner points out that the ALJ found Plaintiff's allegations of pain, arthritis of the hands, and fibromyalgia to be "inconsistent with the medical evidence of record." (ECF No. 19 at 5-6, citing AR 25.) Although not entirely clear, it appears that the Commissioner contends that − in addition to finding Plaintiff's subjective complaints lacked support in the medical record − the ALJ relied upon an affirmative inconsistency between Plaintiff's allegations and the medical evidence. It is true that a contradiction between a claimant's subjective complaints and specific medical evidence may constitute a distinct basis for finding the claimant's allegations lack credibility. *See Sills v. Astrue*, 2013 WL 782076, at *3 (C.D. Cal. Mar. 1, 2013) ("there is an analytical difference between a lack of corroborating medical evidence and a contradiction between subjective claims and existing medical evidence") (citing *Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). Accordingly, an ALJ may properly rely upon a contradiction between a claimant's

allegations and the medical evidence in reaching a credibility determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Garcia v. Comm'r Soc. Sec. Admin.*, 498 F. App'x 710, 711 (9th Cir. 2012) (claimant's testimony properly discounted based on contradiction between that testimony and his doctor). Here, however, the ALJ's decision does not clearly rely upon a contradiction with the medical evidence as opposed to a lack of support in the objective medical record. Notably, although the ALJ used the word "inconsistent," she did not cite any medical evidence that she believed affirmatively contradicted Petitioner's subjective complaints. *Cf. Morgan*, 169 F.3d at 599-600 (finding ALJ provided clear and convincing reasons for rejecting claimant's testimony where ALJ noted that, "contrary to Morgan's claims of lack of improvement, Dr. Reaves reported that Morgan's mental symptoms improved with the use of medication"). Instead, the ALJ's discussion focuses exclusively on the *lack* of objective evidence of fibromyalgia, arthritis, and swelling in the hands. (*See* AR 20, 25 ("there is no objective evidence of...")

      The Commissioner also proposes that Plaintiff's "lack of treatment and mild findings" support the ALJ's assessment of Plaintiff's subjective complaints. (ECF No. 19 at 6-7.) In addition, the Commissioner cites cases holding that conservative treatment is a sufficient basis for discounting a claimant's testimony and observes that Plaintiff "appears to have been treated primarily with medications." (ECF No. 19 at 6, citing, among other cases, *Parra v. Astrue,* 481 F.3d 742, 750-751 (9th Cir. 2007).) While the Commissioner may be correct that the clinical evidence related to Plaintiff's hands was "mild," this argument boils down to a reliance on the lack of objective medical evidence supporting Plaintiff's subjective complaints. Furthermore, whether or not the Commissioner has accurately characterized Plaintiff's treatment as conservative, the ALJ's decision does not purport to rely upon conservative treatment as a reason for reaching an adverse credibility finding. In the

7

absence of a clearer indication that the ALJ intended to rely on the reason suggested by the Commissioner, the Court may not conclude it is legally sufficient. *See Treichler*, 775 F.3d at 1103 ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions").

In sum, notwithstanding the Commissioner's arguments, the Court cannot avoid the conclusion that the ALJ's adverse credibility finding is based solely upon the lack of supporting objective evidence. As a result, the ALJ erred in failing to provide specific clear and convincing reasons to support her decision to discredit Plaintiff's subjective complaints concerning pain and other symptoms. This error was not harmless. *See, e.g., Brown-Hunter*, 806 F.3d at 492 (ALJ's failure adequately to specify reasons for discrediting claimant's testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's testimony, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's] testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006).

### 4. Remedy

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Indeed, Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act). Accordingly, the appropriate remedy is a remand for further administrative proceedings.[2]

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 3/12/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not the Court's intent to limit the scope of the remand.